UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRANDON E. SAVAGE,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>IDAHO DEPARTMENT OF CORRECTION; and IDAHO COMMISSION OF PARDONS AND PAROLE,<br><br>　　　　　　　　Respondents. | Case No. 1:21-cv-00287-CWD<br><br>**INITIAL REVIEW ORDER** |

　　　　Petitioner Brandon E. Savage has filed a Petition for Writ of Habeas Corpus challenging his 2008 state court conviction for possession of sexually exploitative material. *See* Dkt. 3. All parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. 7.

　　　　The Court now reviews the Petition to determine whether it is subject to summary dismissal under 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"). For the following reasons, this case must be dismissed for lack of jurisdiction.

INITIAL REVIEW ORDER - 1

## REVIEW OF PETITION

1. **Standard of Law for Review of Petition**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Habeas Rule 4.

2. **Discussion**

Petitioner previously brought a habeas corpus action in this Court challenging the same 2008 conviction. That petition was dismissed with prejudice, for failure to prosecute and failure to comply with a court order, under Rule 41(b) of the Federal Rules of Civil Procedure. *See Savage v. Yordy*, Case No. 1:17-cv-00146-REB, Dkt. 20 (D. Idaho Sept. 10, 2018).

Before a prisoner can file a second or successive federal habeas corpus petition challenging the same conviction, parole revocation, or sentence as in a previous habeas corpus petition, he must first obtain authorization from the United States Court of Appeals for the Ninth Circuit. 28 U.S.C. § 2244(b)(3)(A); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("[A] district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (internal quotation marks omitted).

INITIAL REVIEW ORDER - 2

The instant Petition challenges the same conviction that was adjudicated in Petitioner's previous federal habeas corpus action. The Rule 41(b) dismissal of that action constitutes a decision on the merits for purposes of the bar on successive petitions, *Olvera v. Gonzales*, 834 F. Supp. 2d 944, 948 (C.D. Cal. 2011), and Petitioner has not shown that he has obtained the required authorization from the court of appeals. Therefore, this case must be summarily dismissed.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Application for Leave to Proceed in Forma Pauperis (Dkt. 1) is GRANTED.

2. The Petition for Writ of Habeas Corpus (Dkt. 3) is DISMISSED without prejudice.

3. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11. If Petitioner intends to appeal, he must file a timely notice of appeal in this Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: September 1, 2021

_____
Honorable Candy W. Dale
Chief U.S. Magistrate Judge